GEORGE BOGLARSKY v. THE SINGER MANUFACTURING
COMPANY.

*Conclusiveness of verdict—Failure to produce account-books on
notice—Evidence.*

1. The verdict of a jury is *conclusive* as to the facts necessary to be
found in order to support the claim of the party in whose favor it
is rendered, unless errors of law have intervened in taking the
testimony or in the charge of the court.

2. The defendant, in a suit brought by an agent on an open account
involving a claim for commissions on certain notes collected by
the defendant, a list of which appeared upon defendant's books,
failed to produce said books for use on the trial, after due notice
so to do, but removed them from the State.

   *Held*, that it was competent for the plaintiff to testify to the
contents of the books regarding said notes.

Error to Wayne. (Speed, J.) Argued February 3, 1887.
Decided April 21, 1887.

Assumpsit. Defendant brings error. Affirmed. The fact
are stated in the opinion.

*Ralph Phelps, Jr.* (*William B. Jackson*, of counsel), for
appellant.

*Conely, Maybury & Lucking*, for plaintiff.

SHERWOOD, J. This is an action of assumpsit, and the
plaintiff's claim relates to services rendered by plaintiff for
defendant in conducting its business and selling machines,
and principally for commissions on sales.

The plaintiff had been in the employment of the defendant
some years before March 22, 1880. At that date he made a
written agreement to operate its office at Port Clinton, Ohio,
at a salary of $15 per week, and 5 per cent. of the actual

amount of moneys remitted by him to the Detroit office. He continued to run the Port Clinton office until January 1, 1883, when he left the service of the company for other employment, but was subsequently employed again by the company to take charge of the company's office on Gratiot avenue, in Detroit, which he managed until he left the service of the company, in October, 1884. The contest arises out of the dealings of the parties during these two periods of service.

The cause was tried before Judge Speed, by jury, in the Wayne circuit, and the plaintiff recovered judgment for $214, and defendant brings error.

The testimony tended to show, and it was not disputed upon the trial, that most of the machines were sold on contracts, or leases as they are called, or on time and notes taken, which were sent to the Detroit office for approval; and, when they became due, they were collected by the manager through banks, and only those which the banks failed to collect were returned to plaintiff for collection and remittance; the plaintiff thereby being deprived of a large portion of the collections, and thus losing his 5 per cent.

The testimony further tends to show that on September 29, 1881, the plaintiff came to Detroit and had a settlement with the company, and then claimed the 5 per cent. on the moneys collected through the banks, and up to that date the same was allowed to him by defendant, and which amounted to $31.42.

The plaintiff's testimony also tends to show that at that time the general manager promised that thereafter the plaintiff should have 5 per cent. on all bank collections received from the sales made from his office, as it had been credited up to him by defendant to that time; that one of the conditions which induced the plaintiff to re-enter the service of the defendant, and take charge of its Gratiot-avenue office, was the promise of its agents that the plaintiff should be

paid the 5 per cent. commissions, etc. These commissions unpaid were the first claim of the plaintiff, and amounted to $100.

The second was for a balance claimed to be due plaintiff on account of his services rendered from January, 1883, to May, 1884, on sales of old machines, amounting to $164.

The testimony tends to show that the plaintiff made an agreement with the agent of the defendant by which he was to be paid, during this period, $15 per week, and $2 for each machine sold, whether old or new; that the weekly sum was paid, but the $2 for the old machines has not been paid; and this amount, remaining unpaid, constitutes the plaintiff's second claim, and both were sworn to by the plaintiff, and other circumstantial evidence was given in his behalf in support of the same.

It was the contention of the counsel for defendant upon the trial that the contract for the Port Clinton service did not include commissions on collections made through the banks by the defendant, and that no other contract for such commissions was ever made by the defendant with the plaintiff, and that no agreement was ever made between the parties by which the plaintiff was to have two dollars apiece for selling old machines after he came to Detroit.

These were the two theories upon which the cause was tried.

As to the construction of the written contract, and whether the plaintiff's version was correct· or not, it seems to have been acceded to by the defendant, and a settlement made with him in pursuance thereof up to the twenty-ninth of September, 1881, and the 5 per cent. commissions on the bank collections were credited to him at that time. On this occasion, the plaintiff, because of differences, as his testimony tends to show, was about to leave the company, when, upon his consenting to remain, the agents agreed to give him the commissions in the future. This, it is true, is denied by

the defendant's agents, but the verdict of the jury is for the plaintiff, and must control.   And the same is true in regard to the second item of plaintiff's claim, relating to the two-dollar commission on old machines sold.

The verdict is conclusive as to the facts necessary to be found in order to support the plaintiff's claim, unless error has intervened in taking the testimony or in the charge of the court.

The defendant's counsel made but two requests to charge.

The first was that—

" Upon the undisputed facts the plaintiff cannot recover the five per cent. on the notes collected through the banks."

This was properly refused.   What has been said is suffi-cient upon this point.

The second is that—

" The plaintiff, by accepting the credit of July 26, 1884, and by adopting the proposition for settlement in part, as made by defendant, the burden of proof is on him to show that the item of commissions on old machines was not included in such settlement."

Of course, the burden of proof was upon the plaintiff all the time to prove all the items in his claims.   The instruction to the jury is all that the defendant could ask upon the sec-ond request.   The court said:

" Further, gentlemen, of course, if these people did arrive at a settlement in July, 1884, as claimed, when this balance of \$71.65 was arrived at,—if at the time they did arrive at a settlement,—of course that was an end of any claim on the two dollars on old machines.   If they finally settled their matters, as I understand is claimed by Mr. Jackson [attorney for defendant] and Mr. Clark [the manager of the company], having finally come to a settlement then, and struck a bal-ance, then, that balance should stand;   *   *   *   that is an end to any controversy."

Counsel for the plaintiff claimed that there was no settle-ment at that time, and only commissions on new machines were credited to the plaintiff, and that no other figures were

arrived at; that the commissions on old machines were completely ignored by the agents of defendant at that time. All these facts, in connection with the charge above quoted, were given to the jury, and were sufficient to protect the defendant's rights, suggested in the second request. There was no claim by the agents of the defendant that the commissions claimed in this suit were included in the settlement claimed in July, 1884. Neither do the company's counsel claim that such charge existed against the company at that time. These things are hardly consistent with the idea that they made a settlement thereof on that occasion.

Defendant's counsel objected to the question propounded to the plaintiff:

"Do the books of the company show what notes were collected?"

This question was material; was entirely proper under the circumstances. The defendant had failed to produce the company's books on proper notice, and had taken them from the State. They contained a statement of a portion of the account claimed by plaintiff to be due to him, made by the defendant, and the plaintiff was able to testify to their contents upon the point queried after, and it was admissible for him so to do.

We find no other exceptions needing notice, and no error in the record. The judgment will therefore be affirmed.

CAMPBELL, C. J., and CHAMPLIN, J., concurred. MORSE, J., did not sit.